UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

CODY RAY TUNNELL,

Petitioner,

v.

WARDEN C. REESE,

Respondent.

Civil No. 00-2678 (RHK/JMM)

ORDER

On December 11, 2000, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that he is being confined at the Federal Medical Center in Rochester, Minnesota, in violation of federal law and the Constitution.

The Respondent is directed to make a return in writing on or before January 10, 2001, showing the true cause of Petitioner's confinement, the expected duration of Petitioner's confinement, and any just reason(s) for not granting the writ.

The return shall be filed with the Court and shall include:

1) Such affidavits and exhibits as are needed to establish the lawfulness of Petitioner's confinement;

2) A reasoned memorandum of law and fact fully stating Respondent's legal position and recommendation as to the need for this Court to conduct an evidentiary hearing on the merits of the petition in light of statutory requirements and other pertinent authority; and

3) Certified copies of all court documents and/or prison records that may be material to the issues raised by the petition.

DEC 19 2000
FILED
CLERK
JUDGMENT
DEPUTY

The Court will entertain a motion to grant the relief requested in the Petition if a written return is not filed by January 10, 2001, as required by this Order.

Also before the Court at this time is Petitioner's motion for appointment of counsel. (Docket No. 2.) Indigent prisoners do not have a constitutional or statutory right to counsel in civil cases, including habeas corpus proceedings. Pennsylvania v. Finley, 481 U.S. 551, 556 (1987). Rather, the appointment of counsel in cases such as this one is a matter committed to the discretion of the trial court. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997); Mosby v. Mabry, 697 F.2d 213, 214 (8th Cir. 1982). Among the factors the court should consider in determining whether to appoint counsel are the factual complexity of the case, the ability of the petitioner to present his claims, the complexity of the legal issues and whether both the petitioner and the court would benefit from representation by counsel for both parties. McCall, 114 F.3d at 756; Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

The Court finds that neither the facts nor the legal issues raised in this case are so complex as to warrant appointment of counsel. It appears to this Court that Petitioner has the threshold ability to articulate his claims and to argue his positions. Moreover, the Court concludes that appointment of counsel would not substantially benefit the Court or Petitioner. Accordingly, Petitioner's request for counsel will be denied.

Based on the foregoing, and all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1. Respondent shall file a written return to Petitioner's habeas corpus petition, consistent with the terms of this order, by January 10, 2001; and

2. Petitioner's request for appointment of counsel, (Docket No. 2), is DENIED.

Dated: December 19, 2000

JOHN M. MASON
United States Magistrate Judge