UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CODY RAY TUNNELL CIVIL NO. 00-2678 (RHK/JMM)

Petitioner,

v. REPORT AND RECOMMENDATION

CONSTANCE C. REESE,

Respondent.

The above matter is before the undersigned upon Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. §2241. [Docket No. 1]. The matter is before the undersigned Magistrate Judge for a Report and Recommendation to the District Court pursuant to the provisions of 28 U.S.C. §636 (b)(1)(B). Because the record conclusively shows that Petitioner is not entitled to relief from this court, an evidentiary hearing is unnecessary. See Culkin v. Purkett, 45 F.3d 1229, 1234 (8th Cir. 1995).

Upon the following Findings of Fact/Report, it is recommended that the Writ be denied and the Petition for Writ of Habeas Corpus [Docket No. 1] be dismissed without prejudice.

**FINDINGS OF FACT/REPORT**

Petitioner asserts that Respondent has violated his rights to due process and equal protection under the United States Constitution by refusing to execute his federal and state sentences concurrently. Petitioner argues that his term of supervised release

FILED APR 02 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

should be reduced by 441 days.[1]

## I. BACKGROUND

Petitioner filed a Request for Administrative Remedy regarding the execution of his sentence with Respondent, the warden of his facility, on October 30, 2000, which was denied. Petitioner subsequently filed a Regional Administrative Remedy Appeal, which was also denied. Petitioner has not appealed this decision to the Central Office of the Bureau of Prisons, apparently believing that such action would be futile because the Central Office is certain to deny his request on the same basis as did Respondent and the Regional Director.

## II. DISCUSSION

The Bureau of Prisons ("BOP") has in place an administrative remedy system to address inmates' grievances. See 28 C.F.R. § 542.10 *et seq.* Under this system, an inmate must first raise his grievance with the warden of the facility where he is confined. If the inmate receives an unfavorable response from the warden, he may appeal to the Regional Director, and then to the Central Office of the BOP. In this case, Petitioner has complied with the BOP procedures through the first and second steps of the process, but not the third.

It is axiomatic that Petitioner must exhaust the BOP's available administrative remedies before seeking habeas relief. See Leighnor v. Turner, 884 F.2d 385, 388 (8th Cir. 1989); Willis v. Ciccone, 506 F.2d 1011, 1014-15 (8th Cir. 1974). "When proper grievance procedures exist, their utilization benefits the prisoner, the prison authorities, and

---

[1] Petitioner is currently scheduled to be released from prison on June 11, 2001, after which he is to serve three years of supervised release.

the courts. If such procedures are given a fair chance to succeed, not only will the prisoner receive expeditious relief when he is entitled to it, the administrative burden processing federal suits places upon prison authorities will greatly decrease as well." Willis, 506 F.2d at 1015.

Petitioner has not exhausted his administrative remedies. The fact that Petitioner expects an unfavorable outcome from an appeal to the Central Office does not excuse him from making such an appeal. See Alexander v. Hawk, 159 F.3d 1321, 1325 (11th Cir. 1998)(even if denial is likeliest outcome, BOP's denial may provide statement of reasons helpful to district court in considering merits of claim)(citations omitted). The Petition should be dismissed without prejudice to Petitioner's ability to challenge the execution of his sentence in a subsequent petition if his appeal to the Central Office is denied.

**RECOMMENDATION**

For the reasons set forth above, it is recommended that the Writ be denied and the Petition for Writ of Habeas Corpus [Docket No. 1] be dismissed without prejudice.

Dated: April 2, 2001

JOHN M. MASON
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties on or before **April 17, 2001** a copy of this Report, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.